IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

FRANK FORTI,

    Plaintiff,

v.

MUSCLETECH RESEARCH AND
DEVELOPMENT, INC. and VITAMIN
WORLD, INC.

    Defendants.

Case No.:

05 11275 NG

RECEIPT # 65077
AMOUNT $ 250.00
SUMMONS ISSUED N/A
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. M.P.
DATE 6/17/2005

MAGISTRATE JUDGE _____

### NOTICE OF REMOVAL

Defendant Vitamin World, Inc. files this Notice of Removal to this Court with regard to this case pursuant to 28 U.S.C. §§ 1441 and 1446:

1. Plaintiff, Frank Forti, brought this action against Vitamin World for damages allegedly sustained as a result of the ingestion of Hydroxycut with ephedra, a dietary supplement that Vitamin World once sold.

2. Plaintiff filed this action in the Superior Court of Middlesex County, Massachusetts. The case was assigned Civil Action Number MICV2005-01627.

3. Vitamin World was served with the Plaintiff's Complaint on May 23, 2005. Vitamin World is filing this Notice of Removal within thirty days of receipt of the Complaint as required by 28 U.S.C. § 1446(b).

4. Upon information and belief, Defendant MuscleTech Research and Development, Inc. ("MuscleTech") has not yet been served with the Plaintiff's Complaint and, therefore, MuscleTech's consent to removal is not required. Murphy Bros., Inc. v. Michetti Pipe Stringing,

Inc., 526 U.S. 344, 353-354 (1999) (Ginsburg, J.) (party not bound by limits of removal statute until party has received formal service of process). Regardless, per the Consent to Removal attached hereto as Exhibit A, MuscleTech consents to the removal of this case to this Court.

5. Plaintiff claims that he is a resident of Massachusetts.

6. Vitamin World is a corporation organized under the laws of New York, with its principal place of business in Bohemia, New York. MuscleTech is a corporation organized under the laws of Canada, with its principal place of business in Ontario, Canada.

7. None of the defendants is a citizen of the State of Massachusetts, pursuant to 28 U.S.C. § 1332 (c)(1).

8. Although Plaintiff does not set forth an amount of damages in the Complaint, Vitamin World reasonably believes that the amount in controversy exceeds $75,000.00 not including interest, costs and attorneys' fees.

9. There is complete diversity of citizenship between the parties and this Court has original and removal jurisdiction under 28 U.S.C. §§ 1332 and 1441.

10. Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action had been pending.

11. Vitamin World has filed with the Superior Court of Middlesex County, Massachusetts, a Notice of Defendant Vitamin World of Filing of Notice of Removal Pursuant to 28 U.S.C. § 1446(d).

12. The following documents are attached to this Notice of Removal:

- Summons issued to Vitamin World, attached hereto as Exhibit B
- Plaintiff's Complaint, attached hereto as Exhibit C
- Notice of Defendant Vitamin World of Filing of Notice of Removal Pursuant to 28 U.S.C. § 1446(d), attached hereto as Exhibit D

- Docket Sheet from the Superior Court of Middlesex County, Massachusetts, attached hereto as Exhibit E

13. Plaintiff demanded a jury in the state court action. Vitamin World also requests a trial by jury, pursuant to Rule 81(c) of Federal Rules of Civil Procedure.

14. The Judicial Panel on Multidistrict Litigation has established Cause No. 1:04-MDL-1598, In Re: Ephedra Products Liability Litigation, in United States District Court for the Southern District of New York. This case may fall within the scope of the Order establishing that proceeding.

WHEREFORE, pursuant to 28 U.S.C. § 1441, et. seq., Vitamin World hereby gives notice, by and through its attorneys, Nixon Peabody LLP, that this action has been removed from the Superior Court of Middlesex County, Massachusetts, to this Court.

Respectfully submitted,

NIXON PEABODY LLP

By: _____
Fred A. Kelly, Jr.
100 Summer Street
Boston, MA 02110
Tel: (617) 345-1319

Attorneys for Defendant
Vitamin World, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this 17TH day of June, 2005 I caused a true and correct copy of the foregoing Notice of Removal to be served upon the following by first-class mail, postage prepaid:

        Christos C. Tsiotis, Esquire
        193 Winthrop Street
        Winthrop, MA 02152

        Albert P. Zabin, Esquire
        Duane Morris LLP
        470 Atlantic Avenue, Suite 500
        Boston, MA 02210

        _____
        Fred A. Kelly, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

| | |
|---|---|
| FRANK FORTI,<br><br>                Plaintiff,<br><br>v.<br><br>MUSCLETECH RESEARCH AND<br>DEVELOPMENT, INC. and VITAMIN<br>WORLD, INC.<br><br>                Defendants. | Case No.: |

## CONSENT TO REMOVAL

Defendant MuscleTech Research and Development, Inc., by its undersigned counsel, hereby consents to, and joins in, the removal of the above-captioned action from the Superior Court of Middlesex County, Massachusetts to this Court.

Respectfully submitted,

DUANE MORRIS LLP

By: _____
Albert P. Zabin, Esquire
BBO #538380
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone No.: 617.289.9200
Facsimile No.: 617.289.9201
Email: apzabin@duanemorris.com

Attorneys for Defendant
MuscleTech Research and Development, Inc.

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

..........MIDDLESEX.........., ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

Frank Forti ..................., Plaintiff(s)    05-1627

v.

Muscletech Research and Development, Inc.
and Vitamin World, Inc. , Defendant(s)

RECEIVED
MAY 23 2005

### SUMMONS

To the above-named Defendant: Vitamin World, Inc.

You are hereby summoned and required to serve upon ..Christos.C..Tsiotos................

................................. plaintiff's attorney, whose address is .193.Winthrop.Street,....

Winthrop,.MA.02152.................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at 40 .Thorndike.Street,

Cambridge,.MA.02141................................ either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**
Witness, ~~Suzanne V. DelVecchio~~, Esquire, at Cambridge,.Massachusetts...................

the .........12th........................ day of ..........May..............................................

......................, in the year of our Lord ......2005...........................

Edward J. Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

MAY-23-2005 MON 11:07 AM                          FAX NO.                                    P. 04

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 05-1624 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|
| PLAINTIFF(S) FRANK FORTI | | DEFENDANT(S) MUSCLETECH RESEARCH AND DEVELOPMENT, INC. and VITAMIN WORLD, INC. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Christos C. Tsiotos, Esquire   (617) 846-9192 193 Winthrop Street, Winthrop, MA 02152 Board of Bar Overseers number  541749 | | ATTORNEY (if known) RECEIVED MAY 23 2005 |

Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Product Liability | (F) | (X) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................... $ 7,000.00
2. Total Doctor expenses ................................................... $ 168.00
3. Total chiropractic expenses ............................................. $ 0
4. Total physical therapy expenses ......................................... $ 0
5. Total other expenses (describe) .. dental ............................... $ 11,570.00
   Subtotal $ 18,738.00
B. Documented lost wages and compensation to date ........................... $ 0
C. Documented property damages to date ..................................... $ 0
D. Reasonably anticipated future medical and hospital expenses .............. $ 0
E. Reasonably anticipated lost wages ....................................... $ 0
F. Other documented items of damages (describe)
   $ 0
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
As a result of the Plaintiff using a product manufactured by the Defendant, the Plaintiff was caused to sustain severe injuries, including, but not limited to, lower lip and jaw injuries The Plaintiff passed out and lost 3 teeth that needed to be replaced, suffered facial injuries and continues to experience tingling in his face.
TOTAL $ 18,738.00

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules of Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 5/12/05

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                       SUPERIOR COURT DEPARTMENT
                                    CIVIL ACTION NO.: 05-1627

                                         RECEIVED
                                         MAY 2 3 2005

```
FRANK FORTI,              }
         PLAINTIFF        }
VS.                       }           COMPLAINT AND DEMAND
                          }              BY JURY TRIAL
MUSCLETECH RESEARCH AND   }
DEVELOPMENT, INC. and     }
VITAMIN WORLD, INC.,      }
         DEFENDANTS       }
```

The Plaintiff demands a Trial by Jury on each and every issue arising out of this cause of action.

## PARTIES

1. The Plaintiff, FRANK FORTI (hereinafter "Purchaser"), is an individual now residing at 3 Derryfield Avenue, in Burlington, Middlesex County, Massachusetts 01803.

2. The Defendant, MUSCLETECH RESEARCH AND DEVELOPMENT, INC. (hereinafter "Manufacturer"), is a Canadian corporation, with is principal place of business located at 7050 Telford Way, Unit 100, Mississauga, Ontario, Canada L5S 1V7.

3. The Defendant, VITAMIN WORLD, INC. (hereinafter "Retailer"), is a corporation, with a principal place of business located at 90 Orville Drive, Bohemia, New York 11716, was doing business in Massachusetts at 112 Mall Road, Space 1, Burlington, Middlesex, Massachusetts at the time of the incident.

## FACTS

4. These causes of action arise from the Defendants:

    a. transacting business within the Commonwealth of Massachusetts;

1

    b. contracting to supply goods or services within the Commonwealth of Massachusetts;

    c. causing tortuous injury by an act or omission within the Commonwealth of Massachusetts; and/or

    d. causing tortuous injury within the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered within the Commonwealth of Massachusetts.

5. On or about May 13, 2002, the Purchaser, while using a supplement known as Hydroxycut (hereinafter "the product"), manufactured and distributed by the Defendant, MuscleTech Research and Development, Inc. and sold by the Defendant, Vitamin World, Inc., suffered severe personal injuries.

## COUNT 1 – NEGLIGENCE OF MANUFACTURER

6. The Purchaser incorporates herein by reference paragraphs one (1) through five (5) of the Complaint.

7. The Manufacturer designed, developed, inspected, assembled, tested, manufactured, marketed, distributed, sold and provided instructions and warnings regarding the proper use of the product.

8. Manufacturer was negligent and careless with respect to Purchaser in that the product or its component parts were negligently and carelessly designed, developed, inspected, tested, manufactured, marketed, distributed and sold, and were accompanied with inadequate instructions and warnings as to the proper use thereof and to the hazards posed by the product.

9. Manufacturer knew or should have known of the dangerous nature and condition of the product or its component parts. The Manufacturer distributed the product in a way that it foresaw or should have foreseen would probably carry the product into contact with a person such as Purchaser.

10. As a direct and proximate result of Manufacturer's negligence and carelessness, while using the product, the Purchaser was grievously injured, suffering great pain of body and mind, suffered disfigurement, suffered emotional distress, incurred expenses for medical services and other costs.

WHEREFORE, the Plaintiff demands that:

    i. This Honorable Court determine the damages sustained by the Plaintiff and enter a judgment for the Plaintiff against the Defendant in said amount; and

    ii. This Honorable Court enter such further relief as shall be fair and proper including reasonable attorney fees and expenses.

### COUNT II - BREACH OF WARRANTY BY MANUFACTURER

11. Purchaser incorporates herein for reference paragraphs one (1) through five (5), inclusive, and paragraphs six (6) through ten (10), inclusive, of COUNT I of the Complaint.

12. Manufacturer impliedly warranted to Purchaser that the product and its component ingredients were merchantable, safe and fit for ordinary purposes. Manufacturer was a merchant with respect to goods of the kind involved in the incident. The product and component parts of the product and the product's warnings and instructions were defective and therefore the product was not in fact merchantable, safe and fit as warranted by Manufacturer. Manufacturer therefore breached these warranties to the Purchaser.

13. As a direct and proximate result of Manufacturer's breach of warranty, while using the product, the Purchaser was grievously injured, suffered great pain of body and mind, suffered disfigurement, suffered a loss of earning capacity, suffered severe mental and emotional distress, incurred expenses for medical services and other costs and will continue to suffer such harm and to incur such expenses.

WHEREFORE, the Plaintiff demands that:

    i. This Honorable Court determine the damages sustained by the Plaintiff and enter a judgment for the Plaintiff against the Defendant in said amount; and

    ii. This Honorable Court enter such further relief as shall be fair and proper including reasonable attorney fees and expenses.

### COUNT III - NEGLIGENCE OF RETAILER

14. Purchaser incorporates herein by reference paragraphs one (1) through fourteen (14) of the Complaint.

3

15. Retailer distributed, sold, serviced, marketed and maintained the product, and the product instructions and warnings regarding the proper use of the product.

16. Retailer was negligent and careless with respect to Purchaser in that the product or its component ingredients were negligently and carelessly inspected, assembled, tested, distributed, sold, serviced, marketed, maintained and repaired, and were accompanied with inadequate instructions and warnings as to the proper use thereof and to the hazards posed by the product.

17. Retailer knew or should have known of the dangerous nature and condition of the product or its ingredients. Retailer sold the product in a way that it foresaw or should have foreseen would probably carry the product into contact with a person such as Purchaser.

18. As a direct and proximate result of Retailer's negligence and carelessness, while using the product, Purchaser was grievously injured, suffered great pain of body and mind, suffered disfigurement, suffered a loss of earning capacity, suffered severe mental and emotional distress, incurred expenses for medical services and other costs and will continue to suffer such harm and to incur such expenses.

WHEREFORE, the Plaintiff demands that:

   a. This Honorable Court determine the damages sustained by the Plaintiff and enter a judgment for the Plaintiff against the Defendant in said amount; and

   b. This Honorable Court enter such further relief as shall be fair and proper including reasonable attorney fees and expenses.

### COUNT IV - BREACH OF WARRANTY BY RETAILER

19. Purchaser incorporates herein for reference paragraphs one (1) through five (5) and paragraphs fourteen (14) through eighteen (18), inclusive, of COUNT III of the Complaint.

20. Retailer impliedly warranted to Purchaser that the product and its component ingredients were merchantable, safe and fit for ordinary purposes. Retailer was a merchant with respect to goods of the kind involved in the incident. The product and component parts of the product and the product's warnings and instructions were defective and therefore the product was not in fact merchantable, safe and fit as warranted by Retailer. Retailer therefore breached these warranties to the Purchaser.

4

21. As a direct and proximate result of Retailer's breach of warranty, Purchaser was grievously injured, suffered great pain of body and mind, suffered disfigurement, suffered severe emotional distress, incurred expenses for medical services and other costs.

WHEREFORE, the Plaintiff demands that:

a. This Honorable Court determine the damages sustained by the Plaintiff and enter a judgment for the Plaintiff against the Defendant in said amount; and

b. This Honorable Court enter such further relief as shall be fair and proper including reasonable attorney fees and expenses.

Dated: May 12, 2005

Respectfully submitted,
FRANK FORTI, Plaintiff
By his Attorney,

CHRISTOS C. TSIOTOS, ESQUIRE
193 Winthrop Street
Winthrop, MA 02152
Tel.: (617) 846-9192
BBO# 541749

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| **MIDDLESEX, SS** | **SUPERIOR COURT DEPARTMENT**<br>**CIVIL ACTION NO.: MICV2005-01627** |

FRANK FORTI,

        Plaintiff,

v.

MUSCLETECH RESEARCH AND
DEVELOPMENT, INC. and VITAMIN
WORLD, INC.

        Defendants.

### NOTICE OF DEFENDANT VITAMIN WORLD, INC. OF FILING OF NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1446(D)

Please be advised that Defendant Vitamin World, Inc. has filed a Notice of Removal of this case with the United States District Court for the District of Massachusetts, Eastern Division, pursuant to 28 U.S.C. §§ 1441 and 1446. The Notice of Removal is being filed contemporaneously with this Notice.

Respectfully submitted,

NIXON PEABODY LLP

By: _/s/ Fred A. Kelly/_
Fred A. Kelly, Jr.
100 Summer Street
Boston, MA 02110
Tel: (617) 345-1319

Attorneys for Defendant
Vitamin World, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this 17th day of June, 2005 I caused a true and correct copy of the foregoing Notice of Defendant Vitamin World, Inc. of Filing of Notice of Removal Pursuant to 28 U.S.C. § 1446(d) to be served upon the following by first-class mail, postage prepaid:

Christos C. Tsiotis, Esquire
193 Winthrop Street
Winthrop, MA 02152

Albert P. Zabin, Esquire
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210

_____
Fred A. Kelly, Jr.


**Trial Court Information Center**
Commonwealth of Massachusetts

Home » County Inquiry » Civil Party Search » Search Results » Docket Details

# Forti v Muscletech Research And Development, Inc. et al

**Details for Docket: MICV2005-01627**

## Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | MICV2005-01627 | **Caption:** | Forti v Muscletech Research And Development, Inc. et |
| **Filing Date:** | 05/12/2005 | **Case Status:** | Needs review for service |
| **Status Date:** | 05/12/2005 | **Session:** | Cv C (11A Cambridge) |
| **Lead Case:** | NA | **Case Type:** | Most |

## Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | A | **Discovery:** | 07/01/2007 |
| **Service Date:** | 08/10/2005 | **Disposition:** | 05/11/2008 |
| **Rule 15:** | 08/05/2006 | **Rule 12/19/20:** | 10/09/2005 |
| **Final PTC:** | 12/28/2007 | **Rule 56:** | 08/30/2007 |
| **Answer Date:** | 10/09/2005 | **Jury Trial:** | YES |

## Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | MICV2005-01627 | **Caption:** | Forti v Muscletech Research And Development, Inc. et |
| **Filing Date:** | 05/12/2005 | **Case Status:** | Needs review for service |
| **Status Date:** | 05/12/2005 | **Session:** | Cv C (11A Cambridge) |
| **Lead Case:** | NA | **Case Type:** | Products liability |

## Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | A | **Discovery:** | 07/01/2007 |
| **Service Date:** | 08/10/2005 | **Disposition:** | 05/11/2008 |
| **Rule 15:** | 08/05/2006 | **Rule 12/19/20:** | 10/09/2005 |
| **Final PTC:** | 12/28/2007 | **Rule 56:** | 08/30/2007 |
| **Answer Date:** | 10/09/2005 | **Jury Trial:** | YES |

| Docket Details: | Parties | Attorneys | Docket Entries | Calendar Events |
|---|---|---|---|---|
| | | | | **Print Docket** |

Massachusetts Administrative Office of the Trial Court  
© Copyright, 2000-2001  
» Logout

Tern
System data reflects current

http://www.ma-trialcourts.org/tcic/fc/?dcc_no=MICV2005-01627&app_ctn=docket_csrc...   6/14/2005



# Trial Court Information Center
Commonwealth of Massachusetts

Home » County Inquiry » Civil Party Search » Search Results » Docket Details » Docket Entries

## Forti v Muscletech Research And Development, Inc. et al

4 Docket Entries for Docket: MICV2005-01627  |  Click docket entry to view full text

| No. | Entry Date: | Paper No: | Docket Entry: |
|---|---|---|---|
| 1 | 05/12/2005 | 1 | Complaint & civil action cover sheet filed |
| 2 | 05/12/2005 |  | Origin 1, Type B05, Track A. |
| 3 | 05/20/2005 | 2 | SERVICE RETURNED: Vitamin World, Inc.(Defendant) 5/20/05 in hd |
| 4 | 06/13/2005 | 3 | Stipulation to extend time for Vitamin World, Inc. and Muscletech |

**Docket Details:**   **Parties**   **Attorneys**   **Docket Entries**   **Calendar Events**

**Print Docket**

Massachusetts Administrative Office of the Trial Court
© Copyright, 2000-2001
» Logout

Term
System data reflects current

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __FRANK FORTI v. MUSCLETECH RESEARCH AND DEVELOPMENT, INC.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ☐  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ☐  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

    ☑  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ☐  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650,
              690, 810, 861-865, 870, 871, 875, 900.

    ☐  V.    150, 152, 153.

    **05 11275 NG**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
    Forti v. Muscletech Research and Development, Inc. et al. MICV2005-01627

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                        YES ☐   NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                        YES ☐   NO ☑
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                        YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                        YES ☐   NO ☐

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                        YES ☑   NO ☐

    A.    If yes, in which division do all of the non-governmental parties reside?
          Eastern Division ☑       Central Division ☐       Western Division ☐

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
          Eastern Division ☐       Central Division ☐       Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                        YES ☐   NO ☑

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Fred A. Kelly, Jr., Nixon Peabody LLP__
ADDRESS __100 Summer Street, Boston, MA 02110__
TELEPHONE NO. __(617) 345-1319__

(CategoryForm.wpd - 5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
FRANK FORTI

## DEFENDANTS
MUSCLETECH RESEARCH AND DEVELOPMENT, INC. and VITAMIN WORLD, INC.

(b) County of Residence of First Listed Plaintiff: **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number):
Christos C. Tsiotos, Esq., 193 Winthrop Street, Winthrop, MA 02152
(617) 846-9192

Attorneys (If Known):
Fred A. Kelly, Jr., Nixon Peabody LLP, 100 Summer St., Boston, MA 02110, (617) 345-1319

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

05 11275 NG

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☒ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §§ 1441 and 1446

Brief description of cause:
Plaintiff brought action for damages sustained as a result of ingestion of a product sold by defendants.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 18,738.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER MICV2005-01627

DATE: June 17, 2005
SIGNATURE OF ATTORNEY OF RECORD: Fred A. Kelly

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____