**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2005-01627

I, Anne M. Cherubino, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 12th of May, in the year of our Lord, Two Thousand Five

In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 20th of June, in the year of our Lord, Two Thousand Five

Deputy Assistant Clerk



MAS-20041213
coleman

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

06/20/2005
02:21 PM

## MICV2005-01627
## Forti v Muscletech Research And Development, Inc. et al

| File Date | 05/12/2005 | Status | Needs review for service (acneserv) | | |
|---|---|---|---|---|---|
| Status Date | 05/12/2005 | Session | C - Cv C (11A Cambridge) | | |
| Origin | 1 | Case Type | B05 - Products liability | | |
| Lead Case | | Track | A | | |

| Service | 08/10/2005 | Answer | 10/09/2005 | Rule12/19/20 | 10/09/2005 |
|---|---|---|---|---|---|
| Rule 15 | 08/05/2006 | Discovery | 07/01/2007 | Rule 56 | 08/30/2007 |
| Final PTC | 12/28/2007 | Disposition | 05/11/2008 | Jury Trial | Yes |

### PARTIES

**Plaintiff**
Frank Forti
3 Derryfield Avenue
Burlington, MA 01803
Active 05/12/2005

**Private Counsel 541749**
Christos C Tsiotos
193 Winthrop St.
Winthrop, MA 02152
Phone: 617-846-9192
Fax: 617-846-9542
Active 05/12/2005 Notify

**Defendant**
Muscletech Research And Development, Inc.
7050 Telford Way
Unit 100
Service pending 05/12/2005

**Private Counsel 538380**
Albert P Zabin
Duane Morris
470 Atlantic Avenue
Suite 500
Boston, MA 02210
Phone: 617-289-9200
Fax: 617-289-9201
Active 06/14/2005 Notify

**Defendant**
Vitamin World, Inc.
90 Orville Drive
Bohemia, NY 11716
Served: 05/20/2005
Served (answr pending) 05/26/2005

**Private Counsel 544046**
Fred A Kelly Jr
Nixon Peabody
100 Summer Street
Boston, MA 02110-1832
Phone: 617-345-1000
Fax: 617-345-1300
Active 06/14/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/12/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 05/12/2005 | | Origin 1, Type B05, Track A. |
| 05/20/2005 | 2.0 | SERVICE RETURNED: Vitamin World, Inc.(Defendant)   5/20/05  in hd |
| | | 84 State St. Boston, Ma. 02109 |
| 06/13/2005 | 3.0 | Stipulation to extend time for Vitamin World, Inc. and Muscletech |
| | | Research And Development, Inc. to file an answer/responsive pleading |
| | | to the complaint to and including July 11, 2005 |

MAS-20041213
coleman

**Commonwealth of Massachusetts**
**MIDDLESEX SUPERIOR COURT**
**Case Summary**
**Civil Docket**

**MICV2005-01627**
**Forti v Muscletech Research And Development, Inc. et al**



COPY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

| | |
|---|---|
| FRANK FORTI, | : **05  11275 NG** |
| Plaintiff, | : |
| | : |
| v. | : Case No.: |
| | : |
| MUSCLETECH RESEARCH AND | : |
| DEVELOPMENT, INC. and VITAMIN | : |
| WORLD, INC. | : |
| | : |
| Defendants. | : |
| | : |



I hereby certify that the foregoing document is a true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☒ original filed in my office on 7/1/2005

Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By:
Deputy Clerk

### NOTICE OF REMOVAL

Defendant Vitamin World, Inc. files this Notice of Removal to this Court with regard to this case pursuant to 28 U.S.C. §§ 1441 and 1446:

1. Plaintiff, Frank Forti, brought this action against Vitamin World for damages allegedly sustained as a result of the ingestion of Hydroxycut with ephedra, a dietary supplement that Vitamin World once sold.

2. Plaintiff filed this action in the Superior Court of Middlesex County, Massachusetts. The case was assigned Civil Action Number MICV2005-01627.

3. Vitamin World was served with the Plaintiff's Complaint on May 23, 2005. Vitamin World is filing this Notice of Removal within thirty days of receipt of the Complaint as required by 28 U.S.C. § 1446(b).

4. Upon information and belief, Defendant MuscleTech Research and Development, Inc. ("MuscleTech") has not yet been served with the Plaintiff's Complaint and, therefore, MuscleTech's consent to removal is not required. Murphy Bros., Inc. v. Michetti Pipe Stringing,

Inc., 526 U.S. 344, 353-354 (1999) (Ginsburg, J.) (party not bound by limits of removal statute until party has received formal service of process). Regardless, per the Consent to Removal attached hereto as Exhibit A, MuscleTech consents to the removal of this case to this Court.

5.     Plaintiff claims that he is a resident of Massachusetts.

6.     Vitamin World is a corporation organized under the laws of New York, with its principal place of business in Bohemia, New York. MuscleTech is a corporation organized under the laws of Canada, with its principal place of business in Ontario, Canada.

7.     None of the defendants is a citizen of the State of Massachusetts, pursuant to 28 U.S.C. § 1332 (c)(1).

8.     Although Plaintiff does not set forth an amount of damages in the Complaint, Vitamin World reasonably believes that the amount in controversy exceeds $75,000.00 not including interest, costs and attorneys' fees.

9.     There is complete diversity of citizenship between the parties and this Court has original and removal jurisdiction under 28 U.S.C. §§ 1332 and 1441.

10.     Venue is proper in this district under 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action had been pending.

11.     Vitamin World has filed with the Superior Court of Middlesex County, Massachusetts, a Notice of Defendant Vitamin World of Filing of Notice of Removal Pursuant to 28 U.S.C. § 1446(d).

12.     The following documents are attached to this Notice of Removal:

- Summons issued to Vitamin World, attached hereto as Exhibit B
- Plaintiff's Complaint, attached hereto as Exhibit C
- Notice of Defendant Vitamin World of Filing of Notice of Removal Pursuant to 28 U.S.C. § 1446(d), attached hereto as Exhibit D

2

- Docket Sheet from the Superior Court of Middlesex County, Massachusetts, attached hereto as Exhibit E

13.    Plaintiff demanded a jury in the state court action. Vitamin World also requests a trial by jury, pursuant to Rule 81(c) of Federal Rules of Civil Procedure.

14.    The Judicial Panel on Multidistrict Litigation has established Cause No. 1:04-MDL-1598, In Re: Ephedra Products Liability Litigation, in United States District Court for the Southern District of New York. This case may fall within the scope of the Order establishing that proceeding.

WHEREFORE, pursuant to 28 U.S.C. § 1441, et. seq., Vitamin World hereby gives notice, by and through its attorneys, Nixon Peabody LLP, that this action has been removed from the Superior Court of Middlesex County, Massachusetts, to this Court.

Respectfully submitted,

NIXON PEABODY LLP

By:  _Fred A. Kelly_

Fred A. Kelly, Jr.
100 Summer Street
Boston, MA 02110
Tel: (617) 345-1319

Attorneys for Defendant
Vitamin World, Inc.

3

## CERTIFICATE OF SERVICE

I hereby certify that this 17TH day of June, 2005 I caused a true and correct copy of the

foregoing Notice of Removal to be served upon the following by first-class mail, postage

prepaid:

> Christos C. Tsiotis, Esquire
> 193 Winthrop Street
> Winthrop, MA 02152

> Albert P. Zabin, Esquire
> Duane Morris LLP
> 470 Atlantic Avenue, Suite 500
> Boston, MA 02210

> _Fred A. Kelly, Jr._
> Fred A. Kelly, Jr.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

|  |  |
|---|---|
| FRANK FORTI, | : |
| Plaintiff, | : |
| v. | : |
|  | : Case No.: |
| MUSCLETECH RESEARCH AND | : |
| DEVELOPMENT, INC. and VITAMIN | : |
| WORLD, INC. | : |
| Defendants. | : |

## CONSENT TO REMOVAL

Defendant MuscleTech Research and Development, Inc., by its undersigned counsel,

hereby consents to, and joins in, the removal of the above-captioned action from the Superior

Court of Middlesex County, Massachusetts to this Court.

Respectfully submitted,

DUANE MORRIS LLP

By: _____

Albert P. Zabin, Esquire
BBO #538380
470 Atlantic Avenue, Suite 500
Boston, MA 02210
Telephone No.: 617.289.9200
Facsimile No.: 617.289.9201
Email: apzabin@duanemorris.com

Attorneys for Defendant
MuscleTech Research and Development, Inc.

MAY-23-2005 MON 11:07 AM                FAX NO.                      P. 03

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX .............. , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

Frank Forti ...................... , Plaintiff(s)        **05-1627**

Muscletech Research and Development, Inc.

and Vitamin World, Inc. .................. , Defendant(s)

RECEIVED
MAY 2 3 2005

## SUMMONS

To the above-named Defendant: Vitamin World, Inc.

You are hereby summoned and required to serve upon Christos C. Tsiotos ...............

..............................., plaintiff's attorney, whose address is 193 Winthrop Street, ....

Winthrop, MA 02152 ..............................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike Street,

Cambridge, MA 02141 ..............................., either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Barbara J. Rouse

Witness, Suzanne V. DelVecchio, Esquire, at Cambridge, Massachusetts ...............................

the .............. 12th .............................. day of .......... May ...............................

..................., in the year of our Lord ...... 2005 ........................... .

NOTICES TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

A true copy Attest:
5/20/05    Deputy Sheriff Suffolk County            Edward J. Sullivan
                                                              Clerk

**NOTES.**
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

MAY-23-2005 MON 11:07 AM                          FAX NO.                              P. 04

| CIVIL ACTION COVER SHEET | DOCKET NO (S) $05 - 1127$ | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|

| PLAINTIFF(S) FRANK FORTI | DEFENDANT(S) MUSCLETECH RESEARCH AND DEVELOPMENT, INC. and VITAMIN WORLD, INC. |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Christos C. Tsiotos, Esquire   (617) 846-9192 193 Winthrop Street, Winthrop, MA 02152 Board of Bar Overseers number   541749 | ATTORNEY (if known) **RECEIVED** MAY 23 2005 |
|---|---|

Origin code and track designation

Place an x in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B05 | Product Liability | (F) | (X) Yes    (   ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A.  Documented medical expenses to date:
 1.  Total hospital expenses ............................................... $ 7,000.00.....
 2.  Total Doctor expenses ................................................ $ ..168..00....
 3.  Total chiropractic expenses .......................................... $ 0.........
 4.  Total physical therapy expenses ...................................... $ 0.........
 5.  Total other expenses (describe) .. dental ............................ $ 11,570.00...
 Subtotal $ 18,738.00....
B.  Documented lost wages and compensation to date ........................... $ 0..........
C.  Documented property damages to date ..................................... $ 0..........
D.  Reasonably anticipated future medical and hospital expenses .............. $ 0..........
E.  Reasonably anticipated lost wages ....................................... $ 0..........
F.  Other documented items of damages (describe)
 $ 0............
G.  Brief description of plaintiff's injury, including nature and extent of injury (describe)

As a result of the Plaintiff using a product manufactured by the Defendant, the Plaintiff was caused to sustain severe injuries, including, but not limited to, lower lip and jaw injuries The Plaintiff passed out and lost 3 teeth that needed to be replaced, suffered TOTAL $ 18,738.00...
facial injuries and continues to experience tingling in his face.

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules o Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispu resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 5/12/05

MAY-23-2005 MON 11:07 AM                    FAX NO.                          P. 05

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS                    SUPERIOR COURT DEPARTMENT
                                CIVIL ACTION NO.: 05 - 1627

                                RECEIVED

                                MAY 2 3 2005

}
FRANK FORTI,                    }
            PLAINTIFF           }
VS.                            }          COMPLAINT AND DEMAND
                               }             BY JURY TRIAL
MUSCLETECH RESEARCH AND        }
DEVELOPMENT, INC. and          }
VITAMIN WORLD, INC.,           }
            DEFENDANTS          }

The Plaintiff demands a Trial by Jury on each and every issue arising out of this cause of
action.

## PARTIES

1. The Plaintiff, FRANK FORTI (hereinafter "Purchaser"), is an individual now residing
   at 3 Derryfield Avenue, in Burlington, Middlesex County, Massachusetts 01803.

2. The Defendant, MUSCLETECH RESEARCH AND DEVELOPMENT, INC.
   (hereinafter "Manufacturer"), is a Canadian corporation, with is principal place of
   business located at 7050 Telford Way, Unit 100, Mississauga, Ontario, Canada L5S
   1V7.

3. The Defendant, VITAMIN WORLD, INC. (hereinafter "Retailer"), is a corporation,
   with a principal place of business located at 90 Orville Drive, Bohemia, New York
   11716, was doing business in Massachusetts at 112 Mall Road, Space 1, Burlington,
   Middlesex, Massachusetts at the time of the incident.

## FACTS

4. These causes of action arise from the Defendants:

   a. transacting business within the Commonwealth of Massachusetts;

    b.   contracting to supply goods or services within the Commonwealth of Massachusetts;

    c.   causing tortuous injury by an act or omission within the Commonwealth of Massachusetts; and/or

    d.   causing tortuous injury within the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered within the Commonwealth of Massachusetts.

5. On or about May 13, 2002, the Purchaser, while using a supplement known as Hydroxycut (hereinafter "the product"), manufactured and distributed by the Defendant, MuscleTech Research and Development, Inc. and sold by the Defendant, Vitamin World, Inc., suffered severe personal injuries.

## COUNT I – NEGLIGENCE OF MANUFACTURER

6. The Purchaser incorporates herein by reference paragraphs one (1) through five (5) of the Complaint.

7. The Manufacturer designed, developed, inspected, assembled, tested, manufactured, marketed, distributed, sold and provided instructions and warnings regarding the proper use of the product.

8. Manufacturer was negligent and careless with respect to Purchaser in that the product or its component parts were negligently and carelessly designed, developed, inspected, tested, manufactured, marketed, distributed and sold, and were accompanied with inadequate instructions and warnings as to the proper use thereof and to the hazards posed by the product.

9. Manufacturer knew or should have known of the dangerous nature and condition of the product or its component parts. The Manufacturer distributed the product in a way that it foresaw or should have foreseen would probably carry the product into contact with a person such as Purchaser.

10. As a direct and proximate result of Manufacturer's negligence and carelessness, while using the product, the Purchaser was grievously injured, suffering great pain of body and mind, suffered disfigurement, suffered emotional distress, incurred expenses for medical services and other costs.

WHEREFORE, the Plaintiff demands that:

    i.   This Honorable Court determine the damages sustained by the Plaintiff and enter a judgment for the Plaintiff against the Defendant in said amount; and

    ii.  This Honorable Court enter such further relief as shall be fair and proper including reasonable attorney fees and expenses.

## COUNT II - BREACH OF WARRANTY BY MANUFACTURER

11. Purchaser incorporates herein for reference paragraphs one (1) through five (5), inclusive, and paragraphs six (6) through ten (10), inclusive, of COUNT I of the Complaint.

12. Manufacturer impliedly warranted to Purchaser that the product and its component ingredients were merchantable, safe and fit for ordinary purposes. Manufacturer was a merchant with respect to goods of the kind involved in the incident. The product and component parts of the product and the product's warnings and instructions were defective and therefore the product was not in fact merchantable, safe and fit as warranted by Manufacturer. Manufacturer therefore breached these warranties to the Purchaser.

13. As a direct and proximate result of Manufacturer's breach of warranty, while using the product, the Purchaser was grievously injured, suffered great pain of body and mind, suffered disfigurement, suffered a loss of earning capacity, suffered severe mental and emotional distress, incurred expenses for medical services and other costs and will continue to suffer such harm and to incur such expenses.

WHEREFORE, the Plaintiff demands that:

    i.   This Honorable Court determine the damages sustained by the Plaintiff and enter a judgment for the Plaintiff against the Defendant in said amount; and

    ii.  This Honorable Court enter such further relief as shall be fair and proper including reasonable attorney fees and expenses.

## COUNT III - NEGLIGENCE OF RETAILER

14. Purchaser incorporates herein by reference paragraphs one (1) through fourteen (14) of the Complaint.

3

15. Retailer distributed, sold, serviced, marketed and maintained the product, and the product instructions and warnings regarding the proper use of the product.

16. Retailer was negligent and careless with respect to Purchaser in that the product or its component ingredients were negligently and carelessly inspected, assembled, tested, distributed, sold, serviced, marketed, maintained and repaired, and were accompanied with inadequate instructions and warnings as to the proper use thereof and to the hazards posed by the product.

17. Retailer knew or should have known of the dangerous nature and condition of the product or its ingredients. Retailer sold the product in a way that it foresaw or should have foreseen would probably carry the product into contact with a person such as Purchaser.

18. As a direct and proximate result of Retailer's negligence and carelessness, while using the product, Purchaser was grievously injured, suffered great pain of body and mind, suffered disfigurement, suffered a loss of earning capacity, suffered severe mental and emotional distress, incurred expenses for medical services and other costs and will continue to suffer such harm and to incur such expenses.

WHEREFORE, the Plaintiff demands that:

    a.  This Honorable Court determine the damages sustained by the Plaintiff and enter a judgment for the Plaintiff against the Defendant in said amount; and

    b.  This Honorable Court enter such further relief as shall be fair and proper including reasonable attorney fees and expenses.

## COUNT IV - BREACH OF WARRANTY BY RETAILER

19. Purchaser incorporates herein for reference paragraphs one (1) through five (5) and paragraphs fourteen (14) through eighteen (18), inclusive, of COUNT III of the Complaint.

20. Retailer impliedly warranted to Purchaser that the product and its component ingredients were merchantable, safe and fit for ordinary purposes. Retailer was a merchant with respect to goods of the kind involved in the incident. The product and component parts of the product and the product's warnings and instructions were defective and therefore the product was not in fact merchantable, safe and fit as warranted by Retailer. Retailer therefore breached these warranties to the Purchaser.

21. As a direct and proximate result of Retailer's breach of warranty, Purchaser was grievously injured, suffered great pain of body and mind, suffered disfigurement, suffered severe emotional distress, incurred expenses for medical services and other costs.

WHEREFORE, the Plaintiff demands that:

   a.   This Honorable Court determine the damages sustained by the Plaintiff and enter a judgment for the Plaintiff against the Defendant in said amount; and

   b.   This Honorable Court enter such further relief as shall be fair and proper including reasonable attorney fees and expenses.

Dated: May 12, 2005                      Respectfully submitted,
                                         FRANK FORTI, Plaintiff
                                         By his Attorney,


                                         CHRISTOS C. TSIOTOS, ESQUIRE
                                         193 Winthrop Street
                                         Winthrop, MA 02152
                                         Tel.: (617) 846-9192
                                         BBO# 541749

5

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, SS**

**SUPERIOR COURT DEPARTMENT**
**CIVIL ACTION NO.: MICV2005-01627**

|  |  |
|---|---|
| FRANK FORTI, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| MUSCLETECH RESEARCH AND | : |
| DEVELOPMENT, INC. and VITAMIN | : |
| WORLD, INC. | : |
| | : |
| Defendants. | : |
| | : |

### NOTICE OF DEFENDANT VITAMIN WORLD, INC.
### OF FILING OF NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1446(D)

Please be advised that Defendant Vitamin World, Inc. has filed a Notice of Removal of

this case with the United States District Court for the District of Massachusetts, Eastern Division,

pursuant to 28 U.S.C. §§ 1441 and 1446. The Notice of Removal is being filed

contemporaneously with this Notice.

Respectfully submitted,

NIXON PEABODY LLP

By: _____

Fred A. Kelly, Jr.
100 Summer Street
Boston, MA 02110
Tel: (617) 345-1319

Attorneys for Defendant
Vitamin World, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this 17 day of June, 2005 I caused a true and correct copy of the

foregoing Notice of Defendant Vitamin World, Inc. of Filing of Notice of Removal Pursuant to

28 U.S.C. § 1446(d) to be served upon the following by first-class mail, postage prepaid:

        Christos C. Tsiotis, Esquire
        193 Winthrop Street
        Winthrop, MA 02152

        Albert P. Zabin, Esquire
        Duane Morris LLP
        470 Atlantic Avenue, Suite 500
        Boston, MA 02210

        Fred A. Kelly, Jr.



**Trial Court Information Center**
Commonwealth of Massachusetts

<u>Home</u> » <u>County Inquiry</u> » <u>Civil Party Search</u> » <u>Search Results</u> » Docket Details

# Forti v Muscletech Research And Development, Inc. et al

### Details for Docket: MICV2005-01627

## Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | MICV2005-01627 | **Caption:** | Forti v Muscletech Researc And Development, Inc. et |
| **Filing Date:** | 05/12/2005 | **Case Status:** | Needs review for service |
| **Status Date:** | 05/12/2005 | **Session:** | Cv C (11A Cambridge) |
| **Lead Case:** | NA | **Case Type:** | Most |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | A | **Discovery:** | 07/01/2007 |
| **Service Date:** | 08/10/2005 | **Disposition:** | 05/11/2008 |
| **Rule 15:** | 08/05/2006 | **Rule 12/19/20:** | 10/09/2005 |
| **Final PTC:** | 12/28/2007 | **Rule 56:** | 08/30/2007 |
| **Answer Date:** | 10/09/2005 | **Jury Trial:** | YES |

## Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | MICV2005-01627 | **Caption:** | Forti v Muscletech Researc And Development, Inc. et |
| **Filing Date:** | 05/12/2005 | **Case Status:** | Needs review for service |
| **Status Date:** | 05/12/2005 | **Session:** | Cv C (11A Cambridge) |
| **Lead Case:** | NA | **Case Type:** | Products liability |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | A | **Discovery:** | 07/01/2007 |
| **Service Date:** | 08/10/2005 | **Disposition:** | 05/11/2008 |
| **Rule 15:** | 08/05/2006 | **Rule 12/19/20:** | 10/09/2005 |
| **Final PTC:** | 12/28/2007 | **Rule 56:** | 08/30/2007 |
| **Answer Date:** | 10/09/2005 | **Jury Trial:** | YES |

<u>**Docket Details:**</u>    **Parties**    **Attorneys**    **Docket Entries**    <u>**Calendar Events**</u>

<u>**Print Docket**</u>

Massachusetts Administrative Office of the Trial Court
© Copyright, 2000-2001
» Logout

Term
System data reflects current

 **Trial Court Information Center**
Commonwealth of Massachusetts

Home  »  County Inquiry  »  Civil Party Search  »  Search Results  »  Docket Details  »  Docket Entries

## Forti v Muscletech Research And Development, Inc. et al

**4 Docket Entries for Docket: MICV2005-01627  |  Click docket entry to view full text**

| No. | Entry Date: | Paper No: | Docket Entry: |
|-----|-------------|-----------|---------------|
| 1 | 05/12/2005 | 1 | Complaint & civil action cover sheet filed |
| 2 | 05/12/2005 |   | Origin 1, Type B05, Track A. |
| 3 | 05/20/2005 | 2 | SERVICE RETURNED: Vitamin World, Inc.(Defendant) 5/20/05 in hd |
| 4 | 06/13/2005 | 3 | Stipulation to extend time for Vitamin World, Inc. and Muscletech |

| **Docket Details:** | **Parties** | **Attorneys** | **Docket Entries** | **Calendar Events** |
|---|---|---|---|---|
| | | | | **Print Docket** |

Massachusetts Administrative Office of the Trial Court
© Copyright, 2000-2001
»  Logout

Term
System data reflects current

## COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, SS**

**SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: MICV2005-01627**

FRANK FORTI,

               Plaintiff,

    v.

MUSCLETECH RESEARCH AND
DEVELOPMENT, INC. and VITAMIN
WORLD, INC.

               Defendants.



### NOTICE OF DEFENDANT VITAMIN WORLD, INC.
### OF FILING OF NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1446(D)

Please be advised that Defendant Vitamin World, Inc. has filed a Notice of Removal of

this case with the United States District Court for the District of Massachusetts, Eastern Division,

pursuant to 28 U.S.C. §§ 1441 and 1446. The Notice of Removal is being filed

contemporaneously with this Notice.

               Respectfully submitted,

               NIXON PEABODY LLP

By:    _____

               Fred A. Kelly, Jr.
               100 Summer Street
               Boston, MA 02110
               Tel: (617) 345-1319

               Attorneys for Defendant
               Vitamin World, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that this 17 day of June, 2005 I caused a true and correct copy of the

foregoing Notice of Defendant Vitamin World, Inc. of Filing of Notice of Removal Pursuant to

28 U.S.C. § 1446(d) to be served upon the following by first-class mail, postage prepaid:

Christos C. Tsiotis, Esquire
193 Winthrop Street
Winthrop, MA 02152

Albert P. Zabin, Esquire
Duane Morris LLP
470 Atlantic Avenue, Suite 500
Boston, MA 02210

Fred A. Kelly, Jr.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:  **05-1627**

---

FRANK FORTI,
   PLAINTIFF

VS.

MUSCLETECH RESEARCH AND
DEVELOPMENT, INC. and
VITAMIN WORLD, INC.,
   DEFENDANTS

}
}
}
}
}
}
}
}
}
}
}

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR
MIDDLESEX

MAY 12 2005

CLERK

COMPLAINT AND DEMAND
BY JURY TRIAL

```
7019E000005/12/05CIVIL          240.00
7019E000005/12/05SUR CHARGE      15.00
7019E000005/12/05SECC            20.00
```

The Plaintiff demands a Trial by Jury on each and every issue arising out of the above action.

```
7020E000005/12/05SUMMONS          10.00
```

## PARTIES

1.  The Plaintiff, FRANK FORTI (hereinafter "Purchaser"), is an individual now residing at 3 Derryfield Avenue, in Burlington, Middlesex County, Massachusetts 01803.

2.  The Defendant, MUSCLETECH RESEARCH AND DEVELOPMENT, INC. (hereinafter "Manufacturer"), is a Canadian corporation, with is principal place of business located at 7050 Telford Way, Unit 100, Mississauga, Ontario, Canada L5S 1V7.

3.  The Defendant, VITAMIN WORLD, INC. (hereinafter "Retailer"), is a corporation, with a principal place of business located at 90 Orville Drive, Bohemia, New York 11716, was doing business in Massachusetts at 112 Mall Road, Space 1, Burlington, Middlesex, Massachusetts at the time of the incident.

## FACTS

4.  These causes of action arise from the Defendants:

 a.  transacting business within the Commonwealth of Massachusetts;

1

b.  contracting to supply goods or services within the Commonwealth of Massachusetts;

c.  causing tortuous injury by an act or omission within the Commonwealth 'of Massachusetts; and/or

d.  causing tortuous injury within the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing business and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered within the Commonwealth of Massachusetts.

5.  On or about May 13, 2002, the Purchaser, while using a supplement known as Hydroxycut (hereinafter "the product"), manufactured and distributed by the Defendant, MuscleTech Research and Development, Inc. and sold by the Defendant, Vitamin World, Inc., suffered severe personal injuries.

## COUNT I – NEGLIGENCE OF MANUFACTURER

6.  The Purchaser incorporates herein by reference paragraphs one (1) through five (5) of the Complaint.

7.  The Manufacturer designed, developed, inspected, assembled, tested, manufactured, marketed, distributed, sold and provided instructions and warnings regarding the proper use of the product.

8.  Manufacturer was negligent and careless with respect to Purchaser in that the product or its component parts were negligently and carelessly designed, developed, inspected, tested, manufactured, marketed, distributed and sold, and were accompanied with inadequate instructions and warnings as to the proper use thereof and to the hazards posed by the product.

9.  Manufacturer knew or should have known of the dangerous nature and condition of the product or its component parts. The Manufacturer distributed the product in a way that it foresaw or should have foreseen would probably carry the product into contact with a person such as Purchaser.

10. As a direct and proximate result of Manufacturer's negligence and carelessness, while using the product, the Purchaser was grievously injured, suffering great pain of body and mind, suffered disfigurement, suffered emotional distress, incurred expenses for medical services and other costs.

2

WHEREFORE, the Plaintiff demands that:

  i. This Honorable Court determine the damages sustained by the Plaintiff and enter a judgment for the Plaintiff against the Defendant in said amount; and

  ii. This Honorable Court enter such further relief as shall be fair and proper including reasonable attorney fees and expenses.

## COUNT II - BREACH OF WARRANTY BY MANUFACTURER

11. Purchaser incorporates herein for reference paragraphs one (1) through five (5), inclusive, and paragraphs six (6) through ten (10), inclusive, of COUNT I of the Complaint.

12. Manufacturer impliedly warranted to Purchaser that the product and its component ingredients were merchantable, safe and fit for ordinary purposes. Manufacturer was a merchant with respect to goods of the kind involved in the incident. The product and component parts of the product and the product's warnings and instructions were defective and therefore the product was not in fact merchantable, safe and fit as warranted by Manufacturer. Manufacturer therefore breached these warranties to the Purchaser.

13. As a direct and proximate result of Manufacturer's breach of warranty, while using the product, the Purchaser was grievously injured, suffered great pain of body and mind, suffered disfigurement, suffered a loss of earning capacity, suffered severe mental and emotional distress, incurred expenses for medical services and other costs and will continue to suffer such harm and to incur such expenses.

WHEREFORE, the Plaintiff demands that:

  i. This Honorable Court determine the damages sustained by the Plaintiff and enter a judgment for the Plaintiff against the Defendant in said amount; and

  ii. This Honorable Court enter such further relief as shall be fair and proper including reasonable attorney fees and expenses.

## COUNT III - NEGLIGENCE OF RETAILER

14. Purchaser incorporates herein by reference paragraphs one (1) through fourteen (14) of the Complaint.

3

15. Retailer distributed, sold, serviced, marketed and maintained the product, and the product instructions and warnings regarding the proper use of the product.

16. Retailer was negligent and careless with respect to Purchaser in that the product or its component ingredients were negligently and carelessly inspected, assembled, tested, distributed, sold, serviced, marketed, maintained and repaired, and were accompanied with inadequate instructions and warnings as to the proper use thereof and to the hazards posed by the product.

17. Retailer knew or should have known of the dangerous nature and condition of the product or its ingredients. Retailer sold the product in a way that it foresaw or should have foreseen would probably carry the product into contact with a person such as Purchaser.

18. As a direct and proximate result of Retailer's negligence and carelessness, while using the product, Purchaser was grievously injured, suffered great pain of body and mind, suffered disfigurement, suffered a loss of earning capacity, suffered severe mental and emotional distress, incurred expenses for medical services and other costs and will continue to suffer such harm and to incur such expenses.

WHEREFORE, the Plaintiff demands that:

      a.  This Honorable Court determine the damages sustained by the Plaintiff and enter a judgment for the Plaintiff against the Defendant in said amount; and

      b.  This Honorable Court enter such further relief as shall be fair and proper including reasonable attorney fees and expenses.

## COUNT IV - BREACH OF WARRANTY BY RETAILER

19. Purchaser incorporates herein for reference paragraphs one (1) through five (5) and paragraphs fourteen (14) through eighteen (18), inclusive, of COUNT III of the Complaint.

20. Retailer impliedly warranted to Purchaser that the product and its component ingredients were merchantable, safe and fit for ordinary purposes. Retailer was a merchant with respect to goods of the kind involved in the incident. The product and component parts of the product and the product's warnings and instructions were defective and therefore the product was not in fact merchantable, safe and fit as warranted by Retailer. Retailer therefore breached these warranties to the Purchaser.

4

21. As a direct and proximate result of Retailer's breach of warranty, Purchaser was grievously injured, suffered great pain of body and mind, suffered disfigurement, suffered severe emotional distress, incurred expenses for medical services and other costs.

WHEREFORE, the Plaintiff demands that:

    a. This Honorable Court determine the damages sustained by the Plaintiff and enter a judgment for the Plaintiff against the Defendant in said amount; and

    b. This Honorable Court enter such further relief as shall be fair and proper including reasonable attorney fees and expenses.

Dated: May 12, 2005

Respectfully submitted,
FRANK FORTI, Plaintiff
By his Attorney,

CHRISTOS C. TSIOTOS, ESQUIRE
193 Winthrop Street
Winthrop, MA 02152
Tel.: (617) 846-9192
BBO# 541749