UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

|  |  |
|---|---|
| FRANK FORTI,<br>    Plaintiff,<br><br>v.<br><br>MUSCLETECH RESEARCH AND<br>DEVELOPMENT, INC. and<br>VITAMIN WORLD, INC.,<br>    Defendants. | )<br>)<br>)<br>)<br>)   Civil Action No. 05-11275-NG<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER AND AFFIRMATIVE DEFENSES

The defendant, Vitamin World, Inc. ("Vitamin World"), hereby responds to the allegations contained in the numbered paragraphs of the Complaint of the plaintiff Frank Forti ("Mr. Forti").

### PARTIES

1. Vitamin World is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

2. Vitamin World is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

3. Vitamin World denies the allegations of this paragraph, except admits only (i) that it is a corporation with a principal place of business located at 90 Orville Drive, Bohemia, New York, and (ii) that it leased a store at the Burlington Mall in Burlington, Massachusetts.

## FACTS

4.  The allegations of this paragraph, and its subparagraphs, are conclusions of law which require no response. To the extent that a response is required, Vitamin World denies the allegations of this paragraph.

5.  Vitamin World is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, except in so far as those allegations can be read to allege that Hydroxycut caused Mr. Forti to suffer severe personal injuries, which allegation is denied.

### COUNT I – NEGLIGENCE OF MANUFACTURER

6.  Vitamin World incorporates its responses to paragraphs 1 through 5 as if fully set forth herein.

7. – 10.  The allegations of these paragraphs concern a defendant other than Vitamin World, and thus require no response by Vitamin World. To the extent that a response is required, Vitamin World denies the allegations of these paragraphs and denies that any relief should be awarded to Mr. Forti.

### COUNT II – BREACH OF WARRANTY BY MANUFACTURER

11.  Vitamin World incorporates its responses to paragraphs 1 through 10 as if fully set forth herein.

12. – 13.  The allegations of these paragraphs concern a defendant other than Vitamin World, and thus require no response by Vitamin World. To the extent that a response is required, Vitamin World denies the allegations of these paragraphs and denies that any relief should be awarded to Mr. Forti.

BOS1508626.4

## COUNT III – NEGLIGENCE OF RETAILER

14. Vitamin World incorporates its responses to paragraphs 1 through 13 as if fully set forth herein.

15. Vitamin World denies the allegations of this paragraph, except admits that it sold Hydroxycut in Massachusetts. Vitamin World further states that it sold Hydroxycut in the same condition as it received the product from the Manufacturer.

16. Vitamin World denies the allegations of this paragraph.

17. Vitamin World denies the allegations of this paragraph.

18. Vitamin World denies the allegations of this paragraph.

WHEREFORE, Vitamin World respectfully requests that this Honorable Court:

A. Enter judgment in its favor, and against Mr. Forti, on this and all other claims in his Complaint;

B. Dismiss Mr. Forti's Complaint with prejudice; and

C. Grant such additional or alternative relief as is deemed appropriate.

## COUNT IV – BREACH OF WARRANTY BY RETAILER

19. Vitamin World incorporates its responses to paragraphs 1 through 18 as if fully set forth herein.

20. The allegations of this paragraph are conclusions of law which require no response. To the extent that a response is required, Vitamin World denies the allegations of this paragraph.

21. Vitamin World denies the allegations of this paragraph.

WHEREFORE, Vitamin World respectfully requests that this Honorable Court:

A. Enter judgment in its favor, and against Mr. Forti, on this and all other claims in his Complaint;

B. Dismiss Mr. Forti's Complaint with prejudice; and

C. Grant such additional or alternative relief as is deemed appropriate.

### FIRST AFFIRMATIVE DEFENSE

The Complaint must be dismissed for failure to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint must be dismissed because its claims are barred by the applicable statute(s) of limitations.

### THIRD AFFIRMATIVE DEFENSE

The Complaint must be dismissed because Mr. Forti has waived any claims that he might have had against Vitamin World

### FOURTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed because Mr. Forti is estopped from maintaining any of his claims against Vitamin World.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed because Mr. Forti's claims are barred by the equitable doctrine of laches.

BOS1508626.4

### SIXTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed because Mr. Fonti's claims are barred by the equitable doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed because Mr. Forti's claims are barred by the doctrine of accord and satisfaction.

### EIGHTH AFFIRMATIVE DEFENSE

Vitamin World states that if Mr. Forti sustained any injury from the use of the product, which Vitamin World denies, his own negligence was equal or greater than that of Vitamin World, and Mr. Forti, therefore, is barred from recovery

### NINTH AFFIRMATIVE DEFENSE

Vitamin World states that if Mr. Forti sustained any injury from the use of the product, which Vitamin World denies, Mr. Forti's own negligence contributed to his alleged injuries and any damages that he suffered must be reduced in proportion to that negligence.

### TENTH AFFIRMATIVE DEFENSE

Vitamin World states and alleges that Mr. Forti's claims are barred by consent.

### ELEVENTH AFFIRMATIVE DEFENSE

Vitamin World states and alleges that Mr. Forti's claims are barred by Mr. Forti's misuse of the product in an unforeseeable manner.

### TWELFTH AFFIRMATIVE DEFENSE

Vitamin World states and alleges that the product contained adequate warnings, and Mr. Forti failed to heed such warnings.

### THIRTEENTH AFFIRMATIVE DEFENSE

Vitamin World states and alleges that the product was reasonably fit for the purposes for which it was reasonably intended or expected to be used.

### FOURTEENTH AFFIRMATIVE DEFENSE

Vitamin World states and alleges that use of the product was not a direct cause or proximate cause of Mr. Forti's alleged injuries.

### FIFTEENTH AFFIRMATIVE DEFENSE

Vitamin World states and alleges that the product was fit for the particular purpose for which it was intended.

### SIXTEENTH AFFIRMATIVE DEFENSE

Vitamin World states and alleges that Mr. Forti's injuries were the result of the conduct or action of Mr. Forti and/or third parties for which Vitamin World is not responsible.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Vitamin World states and alleges that if Mr. Forti was injured and damaged as alleged, which is specifically denied, then the injuries and damages were caused, in whole or in part, by preexisting or subsequent medical, genetic, and/or environmental conditions, diseases, or illnesses, unrelated to the product and/or any conduct of Vitamin World.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Vitamin World states and alleges that if Mr. Forti was injured and damaged as alleged, which is specifically denied, then the injuries and damages may have been caused by an idiosyncratic reaction, without any negligence or failure on the part of Vitamin World or any defect attributable to the product, and Mr. Forti's claims are therefore barred.

BOS1508626.4

**NINETEENTH AFFIRMATIVE DEFENSE**

Vitamin World states and alleges that if Mr. Forti was injured and damaged as alleged, which is specifically denied, then the injuries and damages were caused, in whole or in part, by the acts or omissions of others, whether individual, corporate, or otherwise, whether named or unnamed in the Complaint, for whose conduct Vitamin World is not responsible.

**TWENTIETH AFFIRMATIVE DEFENSE**

Vitamin World states and alleges that if Mr. Forti was injured and damaged as alleged, which is specifically denied, then the injuries and damages resulted from the misuse of the product.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Vitamin World reserves the right to assert any additional defenses and matters in avoidance that may be disclosed during the course of additional investigation and discovery.

WHEREFORE, Vitamin World respectfully requests that this Honorable Court:

D.  Enter judgment in its favor, and against Mr. Forti, on all claims in his Complaint;

E.  Dismiss Mr. Forti's Complaint with prejudice; and

F.  Grant such additional or alternative relief as is deemed appropriate.

Vitamin World, Inc.

By its Attorney,

/s/ Fred A. Kelly, Jr.
Fred A. Kelly, Jr.
BBO No. 544046
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
Tel: (617) 345-1000

Dated: July 11, 2005

- 8 -

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing document on all parties this 11th day of July, 2005 by sending a copy by mail to all parties of record as follows.

| | |
|---|---|
| Christos C. Tsiotis, Esq.<br>193 Winthrop Street<br>Winthrop, MA  02152 | Albert P. Zabin, Esquire<br>Duane Morris LLP<br>470 Atlantic Avenue, Suite 500<br>Boston, MA  02210 |

_____
Fred A. Kelly, Jr., Esq.

Dated: July 11, 2005

BOS1508626.4